**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| OLIVER CRAWFORD * | |
| Petitioner, | |
| v. * | CIVIL ACTION NO. PJM-05-985 |
| STEPHEN M. DEWALT, WARDEN * | |
| Respondent. | |

\*\*\*\*\*\*

**MEMORANDUM OPINION**

I.   Introduction

Petitioner, a prisoner at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), filed this 28 U.S.C. § 2241 Petition for writ of habeas corpus on April 8, 2005, raising a due process challenge to the July, 2003 guilty finding of a Disciplinary Hearing Officer ("DHO"), due to the failure of the DHO to provide Petitioner a written copy of the disciplinary decision within 10 days, as provided for under 28 C.F.R. § 541.17(g).[1]   Paper No. 1.

II.   Dispositive Pleadings

In his opposed Motion to Dismiss or for Summary Judgment, Respondent states that as Petitioner was provided all process that due to him at the disciplinary hearing process, the Court should not overturn the disciplinary decision.  Paper No. 4.   Further, he argues that even if  Petitioner was not given a copy

---

[1] According to the Petition, the disciplinary sanctions were imposed on July 14, 2003, while Petitioner was on disciplinary segregation at the Federal Correctional Institution at Petersburg, Virginia.  Paper No. 1 at 6b. On September 22, 2003, Petitioner was transferred to FCI-Cumberland, by way of the United States Penitentiary in Atlanta, Georgia, and arrived at FCI-Cumberland on September 29, 2003.  *Id*.   Petitioner claims that he did not receive the DHO's written report until six months after his arrival at FCI-Cumberland. *Id.*  Attachments to the Petition indicate, however, that Petitioner was given a DHO re-hearing on July 14, 2004, as a result of administrative appeal. *Id*. at Attachments.

of the DHO Report within 10 days of the DHO hearing, no constitutional violation has been demonstrated.

*Id*., Mem. at 15-18.

Respondent presents the following relevant factual details in regard to Petitioner's disciplinary proceeding:

1. On June 10, 2003, Petitioner was involved in a physical altercation with another inmate while at FCI-Petersburg. After inquiry by the investigating lieutenant, an incident report was prepared on June 30, 2003, finding Petitioner in violation of Code 201, "Fighting with Another Person;"

2. A separate investigation was conducted by Lieutenant Calvin James, resulting in the delivery of the incident report to Petitioner on June 30, 2003, and referral of the incident to the Unit Disciplinary Committee ("UDC") for disposition;

3. On July 2, 2003, Petitioner appeared before UDC, which referred the charge to the DHO for further hearing and advised Petitioner of his rights before the DHO;

4. On July 14, 2003, Petitioner appeared before DHO Curtis Hise. At the conclusion of the proceeding, Hise found Petitioner guilty as charged, based upon the reporting officer's written description of the incident, the medical assessment of the two inmates involved in the altercation, the photographs of the two inmates after the altercation, the statement of the other inmate, and Petitioner's version of the incident, which was found to be inconsistent with the other inmate's statement;

5. Petitioner was sanctioned with the loss of 27 days good-conduct time and 20 days disciplinary segregation;

6. At the completion of the hearing, Hise advised Petitioner of his findings and informed him of his appellate rights;

7. Hise concluded writing the DHO report on July 21, 2003, and filed it with the Captain's Office, which was responsible for distributing a copy of the report to Petitioner;

8. Petitioner was transferred to FCI-Cumberland in September of 2003;

9. On February 24, 2004, Petitioner first attempted to file an administrative remedy appeal concerning the July, 2003, disciplinary process. After resubmitting the grievance on March 22, 2004, the Mid-Atlantic Regional Office remanded the incident report to FCI-Cumberland on April 30, 2004;

10. As the DHO report of July 14, 2003, could not be located, FCI-Cumberland staff

        were directed to reinstate the disciplinary process. Petitioner appealed this decision to U.S. Bureau of Prisons Central Office, alleging that his due process rights had been violated due to the failure to issue him the DHO report within 10 days of the DHO hearing. The appeal was denied, based upon the remand of the incident report and the scheduling of a new disciplinary hearing;

11. On August 2, 2004, DHO Losiewicz prepared an internal memorandum which explained that while the incident report of July 10, 2003, and the DHO report of July 14, 2003, had both been misplaced due to Petitioner's prior transfer, they had since been located and provided to Petitioner; and

12. Petitioner was permitted to file and proceed with his appeals, which again challenged the failure to provide him with the DHO report within 10 days. The appeals were denied in October and November of 2004, based upon findings that: (i) the evidence supported the DHO's finding of guilt and (ii) Petitioner's appellate rights had not been denied.

Paper No. 4, Ex. 1, Gottlieb Decl. & Attachments B-L; Ex. 2, Hise Decl. & Attachments A-D; Ex. 3.

      In his opposition response, Petitioner asserts that the administrative procedures discussed by Respondent establish and provide for an available, adequate, and effective institutional process, which would include proper hearing procedures and appeal review of UDC and DHO decisions. Paper No. 6. He maintains that he was deprived of his protected rights in that he did not receive the DHO's written report within the 10-day time period required under § 541.17(g). *Id*. Petitioner asserts that the language of the regulation is absolute and commands mandatory enforcement. He claims that the procedure applied to him was fundamentally unfair and prejudiced his case. *Id*.

III.    Discussion

      Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56. "A defendant moving for summary judgment has the burden of showing the absence of any genuine issue of

material fact and that he is entitled to judgment as a matter of law....Once a defendant makes a necessary showing, the plaintiff must go forward and produce evidentiary facts to support his contention." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). *See also* Fed. R. Civ. P. 56(e). The non-movant, however, is entitled to have all reasonable inferences drawn in his favor. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).

It is undisputed that Petitioner was not provided a formal written copy of the July, 2003 DHO decision until several months after his arrival at FCI-Cumberland. The question before this Court is whether the failure to provide Petitioner a written copy of the DHO decision within 10 days of the hearing decision, as provided for under 8 C.F.R. § 541.17(g), violated due process. The undersigned concludes that in this case it did not.

8 C.F.R. § 541.17(g) provides that:

The Discipline Hearing Officer shall prepare a record of the proceedings which need not be verbatim. This record must be sufficient to document the advisement of inmate rights, the DHO's findings, the DHO's decision and the specific evidence relied on by the DHO, and must include a brief statement of the reasons for the sanctions imposed. The evidence relied upon, the decision, and the reasons for the actions taken must be set out in specific terms unless doing so would jeopardize institutional security. *The DHO shall give the inmate a written copy of the decisions and disposition, ordinarily within 10 days of the DHO's decision* (emphasis added).

This court finds that the regulation only states when the written decision is *ordinarily* to be given to the inmate. The language related to the 10-day period does not appear to be mandatory in nature. Nonetheless, even if the regulation was mandatory and subsequently violated by prison staff, Petitioner is entitled to no relief.

There is no argument that Petitioner was afforded the minimum due process requirements to which he was entitled to during the disciplinary process. Therefore, he must show prejudice to the rights sought

4

to be protected by the regulation claimed to be violated. *Von Kahl v. Brennan*, 855 F.Supp. 1413, 1421 (M.D. Pa. 1994).   Petitioner has not demonstrated that he was prejudiced by the delay in receipt of the DHO's written decision.   At the conclusion of the hearing Petitioner was orally notified of the decision by DHO Hise, given the reasons for the determination, and informed of his appellate rights.   While there was a lengthy delay in his receipt of a written copy of Hise's decision, the delay did not prejudice Petitioner because: (i) the appeal period did not begin until after he received the decision; (ii) Petitioner was afforded subsequent process as  the disciplinary incident was remanded for a re-hearing; and (iii) Petitioner's subsequent appeals of the DHO decision were accepted and the DHO decision and Petitioner's claims were reviewed on their substantive and procedural merits.   Petitioner's process was delayed, but was subsequently afforded to him.  He was not denied due process.

IV.  Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss or for Summary Judgment shall be granted.  The Petition shall be denied and dismissed with prejudice.  A separate Order follows.

July 5th, 2005                                                                     /s/
                                                         PETER J. MESSITTE
                                        UNITED STATES DISTRICT JUDGE